# Third District Court of Appeal
## State of Florida

Opinion filed August 10, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1050
Lower Tribunal No. 64B8ER22-3
_____

**Sergio Alvarez, M.D., et al.,**
Petitioners,

vs.

**Florida Department of Health, Board of Medicine,**
Respondent.

A Case of Original Jurisdiction – Petition for Review.

Bruce S. Rogow, P.A., and Tara A. Campion (Boca Raton); Bruce S. Rogow, P.A., and Bruce S. Rogow (Cedar Mountain, NC), for petitioners.

Marlene K. Stern, Senior Assistant Attorney General, and Donna Canzano McNulty, Special Counsel, and Edward A. Tellechea, Bureau Chief, Administrative Law (Tallahassee), for respondent.

Before LOGUE, HENDON, and GORDO, JJ.

LOGUE, J.

Petitioners are seven Board Certified plastic surgeons living and practicing in Miami-Dade County, Florida, who perform gluteal fat grafting procedures, and "Surgeons for Safety, Inc.," a non-profit corporation representing plastic surgeons in the State of Florida. Petitioners challenge the Florida Department of Health, Board of Medicine's June 14, 2022 Emergency Rule 64B8ER22 which, for the next ninety days, limits gluteal fat grafting office procedures to three per day, and requires the use of ultrasound guidance in performing the procedure. Gluteal fat grafting involves the transfer of fat from one part of the body to another for cosmetic purposes. It is used, for example, in the procedure popularly known as a "Brazilian Butt Lift."

Emergency rules are authorized under section 120.54(4), Florida Statutes, and are required to contain "the specific facts and reasons for finding an immediate danger to the public health, safety, or welfare and [the agency's] reasons for concluding that the procedure used is fair under the circumstances." Immediate review of such rules is authorized by section 120.68(1)(b), Florida Statutes. Such review is limited to the four corners of the emergency rule. Ass'n of Homes and Svcs. for Aging, Inc. v. Agency for Health Care Admn., 252 So. 3d 313, 316 (Fla. 1st DCA 2018).

Looking at the four corners of the rule, the stated purpose of the rule is to address the fact that "a higher mortality rate [is] associated with gluteal fat grafting than with any other aesthetic surgical procedure." There have been "ten (10) verified deaths related to gluteal fat grafting in the 36 months [prior to the adoption of the emergency rule]." Florida Department of Health, Notice of Emergency Rule 64B8ER22-3 "Standard of Care for Office Surgery (June 14, 2022). The procedures are "commonly performed in office surgery facilities" and there continues to be "an unacceptable number of fatalities related to gluteal fat grafting procedures performed in Florida's office surgery facilities." Id. The mortalities trace back to the accidental injection of fat below the superficial gluteal fascia. Id. In promulgating the rule, the Board adopted recommendations made by national organizations of medical professionals involved in cosmetic surgery. Id. Using ultrasound to guide the injection of the fat is intended to help the surgeon avoid accidently crossing the fascia when injecting fat. Id. The limitations on three procedures per day is intended to avoid fatigue as the procedures take three hours with an additional one hour required to turn around the operating room. Id.

The Petitioners question whether the number of mortalities constitute a sufficient emergency, where there has been no attempt to quantify the total number of procedures. We do not believe we are in a position to second

3

guess the Board of Medicine's judgment concerning the number of acceptable deaths involved in purely elective cosmetic surgeries. In addition, the rule contains plausible and rational statements for the requirement it imposes. Given the limited nature of our review, we are required to deny the petition.